IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARTIN OVER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 3:25-84 |
| | ) Judge Stephanie L. Haines |
| AMEDISYS, INC., | ) |
| | ) |
| Defendant. | ) |

**OPINION**

Presently pending before the Court is a Motion to Dismiss filed by Defendant Amedisys, Inc. (ECF No. 5). For the reasons stated herein, the motion is granted.

**I. Procedural and Factual Background**

On March 17, 2025, Defendant removed this action from the Court of Common Pleas of Blair County, on the grounds the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. (ECF No. 1 ¶ 3). This case arises out of Defendant's withdrawal of an offer of employment to Plaintiff Martin Over. In his Complaint Plaintiff alleges four causes of action: Count I alleges breach of contract, Count II alleges promissory estoppel, Count III alleges fraudulent inducement, and Count IV alleges negligent misrepresentation. (ECF No. 1-2) ("Complaint"). Attached to Plaintiff's Complaint are numerous exhibits, described more fully below when central to this decision. (ECF No. 1-2 at 27-43) (Exhibits A-J).

On March 24, 2025, Defendant filed a Motion to Dismiss ("the Motion"), (ECF No. 5), with supporting Brief, (ECF No. 6), pursuant to Fed. R. Civ. P. 12(b)(6), arguing the Plaintiff has failed to state a claim as to all counts. On April 14, 2025, Plaintiffs filed a Response with Brief in Opposition, (ECF. Nos. 11, 12), to which Defendant filed a Reply, (ECF No. 15). The Motion

1

is ripe for disposition.

The allegations in the Complaint are as follows.[1] In or about late 2023, Plaintiff began discussions with Christian Zinn, an Amedisys employee, about potential employment with Amedisys. Complaint, ¶ 10. These conversations included discussions of potential positions, Plaintiff's desired salary range, and other matters. *Id.* ¶¶ 53-59. Plaintiff, however, accepted employment with another employer, Bristol Hospice, LLC, in January 2024. *Id.* ¶¶ 7-8. Plaintiff contacted Mr. Zinn on October 7, 2024, again inquiring about employment opportunities with Amedisys. *Id.* ¶¶ 60-62. Plaintiff applied for a position with Amedisys that same day. *Id.* ¶ 11.

Plaintiff continued conversing with Mr. Zinn after applying and Mr. Zinn told Plaintiff he would seriously be considered for a position. *Id.* ¶ 62. On October 17, 2024, Mr. Zinn then asked Plaintiff if Bristol Hospice would release him from his restrictive covenant agreement. *Id.* ¶ 63. Plaintiff responded he didn't know the answer. *Id.*; Exhibit I. A few days later, Amedisys's Senior Corporate Counsel, Rachel C. Hogan, emailed Plaintiff and advised him that Amedisys had reviewed the noncompete and concluded that "his position with Amedisys as planned w[ould] not conflict with the [noncompete], provided that [Mr. Over] affirm certain things set forth [in the email]." *Id.* ¶¶ 13-15, 31-32, 41-42, 66-67, 79-80, and Exhibit A attached thereto. In response, Mr. Over affirmed the specific items requested by Attorney Hogan. *Id.* ¶¶ 17, 33, 43, and Exhibit B attached thereto. As part of those discussions, Amedisys expressly informed Plaintiff that employment with Amedisys would be at-will. *Id.*; Ex. B.

Plaintiff eventually received an offer of employment with Amedisys on October 23, 2024, via an email from Ross Wexler, a Business Development recruiter at Amedisys. *Id.* ¶ 68. As Defendant contends, the documents attached to the Complaint, which the Court may consider on a motion to dismiss without converting it to a motion for summary judgment, reveal the offer

---

[1] Unless otherwise noted, the facts included in this section are taken from the Complaint.

was explicitly one for at-will employment. *Id.* ¶¶ 18-20, Ex. D. Specifically, the offer letter presented to Plaintiff stated:

> Employment with Amedisys is contingent upon meeting all conditions of employment to include satisfactory completion of a criminal background check, motor vehicle check and references, where appropriate. ***This offer letter is not a contract of employment and you will at all times be an at-will employee at Amedisys.***

*Id.* (emphasis added). That same day, Plaintiff accepted the offer of at-will employment and indicated that he would resign from his position with Bristol Hospice. *Id.* ¶¶ 22-23. Presumably upon hearing that he was resigning and heading to work for Amedisys, Bristol immediately terminated Plaintiff's employment. *Id.*, Ex. J. That same day, upon learning that Plaintiff had accepted Amedisys's offer and terminated his employment with Bristol Hospice, Mr. Zinn told Plaintiff that he could "take a few weeks off or [Amedisys] can get you started. Your call." *Id.*

Two weeks later, Amedisys sent Plaintiff an email and withdrew the offer of at-will employment and immediately discontinued its on-boarding process. *Id.* ¶¶ 24, 47, 71, 84, Exhibit E.

## II. Standard of Review

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *See Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a motion to dismiss, the Court is not opining on whether the plaintiff will likely prevail on the merits; the plaintiff must only present factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing 5 C. Wright & A. Miller, Federal Practice, and Procedure § 1216, pp. 235-236 (3d ed. 2004)); *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009). A complaint should only be dismissed under Rule 12(b)(6) if it fails to allege "enough facts to state a claim to relief that is plausible on its

face." *Twombly*, 550 U.S. at 570 (rejecting the traditional 12(b)(6) standard established in *Conley v. Gibson*, 355 U.S. 41 (1957)). In making this determination, the Court must accept as true all well-pled factual allegations in the complaint and views them in a light most favorable to the plaintiff. *See U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002).

While a complaint does not need detailed factual allegations to survive a motion to dismiss, a complaint must provide more than labels and conclusions. *See Twombly*, 550 U.S. at 555. A "formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Moreover, a court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as stated in the complaint. *See California Pub. Emp. Ret. Sys. v. The Chubb Corp.*, 394 F.3d 126, 143 (3d Cir. 2004) (citing *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the Court accept legal conclusions disguised as factual allegations. *See Twombly*, 550 U.S. at 555. *See also McTernan v. City of York, Pennsylvania*, 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

Expounding on the *Twombly/Iqbal* line of cases, the Third Circuit has articulated the following three-step approach:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011) (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010)). This determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."

4

*Iqbal*, 556 U.S. at 679.

When ruling on a motion to dismiss under Rule 12(b)(6), the court must generally consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)).

Moreover, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The United States Court of Appeals for the Third Circuit has explained:

> Pursuant to Rule 9(b), a plaintiff alleging fraud must state the circumstances of the alleged fraud with sufficient particularity to place the defendant on notice of the "precise misconduct with which [it is] charged." *Lum v. Bank of America*, 361 F.3d 217, 223–224 (3d Cir. 2004). To satisfy this standard, the plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation.

*Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007).

### III. Discussion

#### A. Plaintiff Withdraws Counts I and II

At the outset, the Court notes that Plaintiff "does not contest [Defendant's] 12(b)(6) Motion with respect to his contract claim and promissory estoppel claim, Counts I and II of the Complaint, respectively." (ECF No. 12 at 1, n. 1). Accordingly, Defendant's Motion is granted with respect to Counts I and II and those Counts are dismissed with prejudice. Thus, Court need only address that part of Defendant's Motion seeking to dismiss Plaintiff's fraudulent inducement (Count III) and negligent misrepresentation (Count IV) claims.

B. Counts III and IV[2]

Defendant moves for dismissal of Counts III and IV on the grounds that Pennsylvania's at-will employment doctrine precludes each of the remaining claims as a matter of law. Defendant also argues Plaintiff has failed to plead a claim because he has not alleged facts sufficient to identify any actionable misrepresentations or improper inducements. Plaintiff disagrees, and argues that Pennsylvania law provides that claims for negligent misrepresentation and for fraud in the inducement to accept employment are cognizable in the context of at-will employment, and further, that he has sufficiently stated a claim.

1. **Fraudulent Inducement**

In ruling on the Motion, the court must first take note of the elements a plaintiff must plead to state a claim. *Santiago*, 629 F.3d at 130. To make out a claim for fraudulent inducement, Plaintiff must demonstrate that there was "(1) a representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) the resulting injury was proximately caused by the reliance." *Eigen v. Textron Lycoming Reciprocating Engine Div.*, 874 A.2d 1179, 1185 (Pa. Super. 2005). A plaintiff bringing a fraudulent inducement claim typically must show deception by the defendant, and ultimately, must prove all six elements of fraudulent inducement by clear and convincing evidence. *SodexoMAGIC, LLC v. Drexel Univ.*, 24 F.4th 183, 205, 217 (3d Cir. 2022). A broken promise is not the same as a fraudulent inducement claim; a plaintiff must demonstrate that the defendant never intended to perform the contract. *Ohama v. Markowitz*, 434

---

[2] "Federal courts sitting in diversity cases must apply the substantive laws of the states in which they sit." *Floyd v. Brown & Williamson Tobacco Corp.*, 159 F. Supp. 2d 823, 828 (E.D. Pa. 2001) (quoting *Van Buskirk v. Carey Canadian Mines. Ltd.*, 760 F.2d 481, 487 (3d Cir. 1985)). Accordingly, the Court will apply Pennsylvania substantive law to plaintiff's claims. No party argues otherwise.

6

F. Supp. 3d 303, 317–18 (E.D. Pa. 2020).

Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Santiago*, 629 F.3d at 130. The Court finds the Complaint asserts mere conclusions, especially at element three, which requires that in a fraudulent inducement claim the representation must be "made falsely, with knowledge of its falsity or recklessness as to whether it is true or false." *Eigen v. Textron Lycoming Reciprocating Engine Div.*, 874 A.2d 1179, 1185 (Pa. Super. 2005). At the motion to dismiss stage, the falsity of this representation must be sufficiently pled through raising factual allegations in support. *Corle Bldg. Sys., Inc. v. Ogden Welding Sys., Inc.*, 684 F. Supp. 3d 390, 406 (W.D. Pa. 2023). Here, the factual allegations are conclusory at best. Plaintiff alleges that:

> Based on [Defendant's] after-the-fact withdrawal of [Plaintiff's] offer of employment, it is apparent that the representations described above and made to [Plaintiff] by Christian Zinn, Attorney Hogan and Ross Wexler (all authorized agents of [Defendant] and acting within the scope of their employment) were false.

Complaint ¶ 72. He further alleges these individuals "knew at the time of the representations to [Plaintiff] that they were false – or at the very least, [Defendant] was reckless as to whether the representations were false," *id.* ¶ 73, and that the representations were made "with the intent of misleading him into resigning from Bristol Hospice LLC and accepting employment with [Defendant]." *Id.* ¶ 74. These conclusory allegations fail to meet the standard under *Twombly*, *i.e.*, "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The Court further finds that Plaintiff has failed to adequately plead a fraudulent inducement claim because his allegations relate to the recission of the job offer, focusing on the outcome itself, as opposed to Defendant's knowledge of the falsity of the representation. *See Corle* 684 F. Supp. 3d at 406.

Next the Court addresses the potential impact of the employment offer representation of Rachel Hogan, Amedisys's Senior Corporate Counsel, who emailed Plaintiff and advised him that Amedisys had reviewed the noncompete and concluded that his position with Amedisys would not conflict with the noncompete clause. A fair reading of the Complaint, and taking all inferences in favor of the Plaintiff, leads the Court to conclude that Attorney Hogan's comments are opinion and not a misrepresentation of present fact, and accordingly, both Counts III and IV are subject to dismissal on that basis. *Tingley-Kelley v. Trs. of Univ. of Pa.*, 677 F. Supp. 2d 764, 782-83 (E.D. Pa. 2010) (dismissing fraudulent misrepresentation claim based on allegations that a university dean's opinions to the plaintiff, who was applying to veterinary school, were not guarantees of admission). *Cathcart v. Micale*, 402 F.Supp.3d. 110, 116 (E.D. Pa. 2019) ("Claims for negligent misrepresentation must be based on misrepresentations regarding present facts, not unfulfilled promises to do acts in the future.").

In addition, under Rule 9(b), a party alleging fraud or mistake "must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). "To satisfy this standard, the plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007). The Court concludes that given the requirement to plead fraud with particularity, the Complaint lacks sufficient facts to state a claim for fraudulent inducement and Plaintiff has failed to "inject precision or some measure of substantiation." Although Plaintiff has provided specifics as to the "date, time and place" of the representations, Plaintiff has not substantiated the fraudulent inducement claim with supporting facts to plausibly state a claim. *Gunton Corp. v. TOA Constr. Corp.*, No. CV 2:23-2003, 2024

WL 3969175, at *4 (W.D. Pa. Aug. 27, 2024). Therefore, the Court holds that the Plaintiff failed to plead fraud with sufficient particularity to satisfy the "stringent" pleading requirements of Fed. R. Civ. P. 9(b).

Even so, the Court concludes there is another ground for dismissal of Count III. Under Pennsylvania law, employment is presumed to be at-will unless it is shown that the parties contracted to restrict the right to terminate employment. *Deal v. Children's Hosp. of Philadelphia*, 223 A.3d 705, 711 (Pa. Super. 2019) (citing *McLaughlin v. Gastrointestinal Specialists, Inc.*, 750 A.2d 283, 286-87 (Pa. 2000); *Krolczyk v. Goddard Systems, Inc.*, 164 A.3d 521, 527 (Pa. Super. 2017); *Wakeley v. M.J. Brunner, Inc.*, 147 A.3d 1, 5 (Pa. Super. 2016), *appeal denied*, 145 A.3d 728 (Pa. 2016). An at-will employment relationship may be terminated by either the employer or the employee at any time, for any reason, or for no reason. *Krolczyk, Inc.*, 164 A.3d at 527; *Wakeley*, 147 A.3d at 5. However, where the plaintiff has clearly acknowledged the at-will nature of her employment, the presumption must prevail. *See also Walden v. Saint Gobain Corp.*, 323 F.Supp.2d 637, 646–47 (E.D. Pa. 2004) (applying Pennsylvania law).

Similar to this case, in *Wakeley*, the Pennsylvania Superior Court held that an at-will employment disclaimer provided by the employer to a prospective employee during the hiring process was fatal to the employee's fraudulent inducement claim. Wakeley had accepted an offer of at-will employment, but the employer later rescinded of that offer. 147 A.3d at 3. The trial court dismissed the plaintiff's claims because the job offer was explicitly for at-will employment. *Id*. The Superior Court affirmed that ruling, holding:

> the confirmation, signed by [the plaintiff] just prior to commencing her [employment with defendant], is clear and dispositive. It provides specifically that her employment was at-will. By signing this document, [plaintiff] was properly notified and acknowledged the nature of her employment.

9

*Id.* at 6. (internal citations omitted).

Likewise, here, there is not merely a rebuttable presumption that Plaintiff was offered a position as an at-will employee in this case, but rather an express agreement that he was to be employed at-will. *Smith v. Integral Consulting Servs., Inc.*, No. CV DKC 14-3094, 2016 WL 4492708, at *13 (D. Md. Aug. 26, 2016). He has alleged he accepted the job offer, which included the at-will language. Complaint ¶¶ 22-23; ECF No. 1-2 at 36 ("This offer letter is not a contract of employment and you will at all times be an at-will employee at Amedisys.") Nowhere has he denied that his future employment would be at will. Given Plaintiff explicitly accepted an offer of at will employment, he understood that future employment was not guaranteed.

Thus, as to the fifth element of the claim, that is, that Plaintiff justifiably relied on the false representation, this Court finds that based on the holding in *Wakeley,* Plaintiff cannot succeed on the fraudulent inducement claim under Pennsylvania law. Again, in *Wakeley*, the Court dismissed a claim of fraudulent inducement on the grounds there was no justifiable reliance, explaining that "notice and acknowledgment of these terms—specifically disclaiming any terms or promises to the contrary—precludes Appellant from stating a claim for fraud, which would require her to establish justifiable reliance upon the aforementioned alleged promises." *Wakeley*, 147 A.3d at 5 (citing *Martin v. Hale Prods., Inc.*, 699 A.2d 1283, 1288 (Pa. Super. 1997)).

In his Response, Plaintiff relies on the holding in *Martin*, which predates *Wakeley* by roughly ten years, and is easily distinguished from this case. In *Martin,* the plaintiff interviewed for a job with the defendant, and during the interview asked whether there was the prospect a takeover of their company by another company. *Id.* at 1285. The interviewer told her there was not such a possibility *when in fact he knew that the possibility of a takeover* was being explored

at the time. *Id.* at 1285–86 (emphasis added). Several months after accepting the position, the plaintiff was terminated due to the takeover. *Id.* at 1286. She sued for fraudulent inducement, and the court held that she had made out a *prima facie* case because, *inter alia,* the employer had concealed a material fact. *Id.* at 1288. No such allegation is made here.

Plaintiff also cites to *Lokay v. Lehigh Valley Cooperative Farmers, Inc.*, 492 A.2d 405 (Pa. Super. 1985) to support his claim. In that case, the claim was based upon the defendant employer's supposed financial health, and permitted an employee who had been induced by fraudulent misrepresentations to quit his former job and begin working for the defendant employer to recover "all pecuniary losses which result as a consequence of his reliance on the truth of the [defendant's] representations." *Id.* at 410 (1985). Plaintiff had relied upon false financial statements making the company look healthier than it really was, left his old job on the basis of those statements, and was later terminated for the express reason that the defendant could no longer afford to employ him. The facts as alleged herein do not fall within that holding, either.

Here, Plaintiff has not addressed Defendant's argument that the holding in *Wakeley* bars his fraudulent inducement claim at Count III (or the negligent misrepresentation claim at Count IV, for that matter), and therefore has conceded the point. "Failure to address even part of a motion in a responsive brief may result in that aspect of the motion being treated as unopposed." *Williams v. AlliedBarton Sec. Servs.*, No. 215CV01348CRENBF, 2016 WL 5375524, at *2 (W.D. Pa. Aug. 22, 2016), *report and recommendation adopted*, No. CV 15-1348, 2016 WL 5341943 (W.D. Pa. Sept. 23, 2016) (quoting *Nelson v. DeVry, Inc.*, No. CIV.A. 07-4436, 2009 WL 1213640, at *10 (E.D. Pa. Apr. 23, 2009)).

After a review of the allegations in the complaint and the reasoning in *Wakeley*, as well

as the other relevant case law and the parties' respective positions, the Court finds that the fraudulent inducement claim is barred as a matter of law and further, on the grounds Plaintiff has failed to state a claim. Accordingly, Count III will be dismissed.

### 2. Negligent Misrepresentation

The Court now addresses Count IV, a claim for negligent misrepresentation. First, the Court must state the elements of the claim. In Pennsylvania, "[n]egligent misrepresentation requires proof of: (1) a misrepresentation of material fact; (2) made under circumstances in which the misrepresenter ought to have known its falsity; (3) with an intent to induce another to act on it; and (4) which results in injury to a party acting in justifiable reliance on the misrepresentation." *Mentecky v. Chagrin Land, L.P.*, No. CV 22-206, 2023 WL 5530305, at *4 (W.D. Pa. Aug. 28, 2023) (citing *Bennett v. Itochu Int'l, Inc.*, 682 F.Supp.2d 469, 480 (E.D. Pa. 2010), and *Bortz v. Noon*, 729 A.2d 555, 560 (Pa. 1999)).

Plaintiff cites to *Chand v. Merck & Co.*, No. 19-0286, 2019 WL 3387056, at *9 (E.D. Pa. July 26, 2019) for the proposition that, based on "reasonable inferences" from the allegations in the Complaint, the Court should not dismiss the plaintiff's negligent misrepresentation claim. Plaintiff argues that his allegations create an inference that Defendant misrepresented to him that his noncompete would not preclude him from working there. Yet in her email, the authenticity of which is not at issue, Attorney Hogan was more explicit. She wrote that Defendant had reviewed Plaintiff's restrictive covenant agreement with his current employer and "believe[d] that [his] position with Amedisys as planned [would] not conflict with the Agreement, provided that [he] affirm[ed] certain things set forth below." (ECF No. 1-2 at 30-31). She additionally stated that ("[N]othing contained in this email shall be construed as an admission of the validity or enforceability of [Plaintiff's restrictive covenant agreement]"). *Id.* at 31. The Court finds that

12

Plaintiff has not stated a claim as to negligent misrepresentation claim.

Just as a claim for fraudulent inducement requires justifiable reliance, so too does a claim for negligence misrepresentation. *Compare Gibbs v. Ernst*, 647 A.2d 882, 889 (1994) (describing the elements of a claim for fraud), with *Bortz v. Noon*, 729 A.2d 555, 561 (describing the elements of a claim for negligent misrepresentation). Accordingly, for the same reasons that the fraudulent inducement claim in Count III fails under *Wakeley*, (no justifiable reliance by Plaintiff under facts alleged in the Complaint), his negligent misrepresentation claim at Count IV also fails as a matter of law. Since a claim of negligent misrepresentation requires that a plaintiff have justifiably relied on the alleged misrepresentation, and an employer's promise is not something which an employee can justifiably rely upon when the employment relationship is at will, this claim must fail. *Cathcart v. Micale*, 402 F. Supp. 3d 110, 116 (E.D. Pa. 2019) (citing *Brethwaite v. Cincinnati Milacron Mktg. Co.*, No. 94-cv-3621, 1995 WL 232519, at *5 (E.D. Pa. Apr. 19, 1995).

In addition, Plaintiff's Complaint does not include factual allegations sufficient to establish that Defendant's representations to him were knowingly false and were made with the intent of misleading Plaintiff into relying upon them. He has summarily alleged only that Attorney Hogan and Mr. Wexler made the representations "with the intent of inducing [Plaintiff] into resigning from Bristol Hospice LLC and accepting employment with [Defendant]." Complaint ¶ 87. Moreover, there is no factual basis to support the allegation that the representations made by Attorney Hogan were indeed false, nor is there an allegation that the restrictive covenant issue was the reason his at-will employment offer was withdrawn.

Accordingly, Count IV, which alleges negligent misrepresentation, is dismissed as a matter of law under *Wakeley*, and separately, on the grounds Plaintiff has failed to state a claim.

### 3. Amendment

Federal Rule of Civil Procedure 15(a)(2) requires district courts to "freely give leave [to amend] when justice so requires." *Premier Comp Sols., LLC v. UPMC*, 970 F.3d 316, 318 (3d Cir. 2020). This is a "liberal standard." *Id.* at 319. Under Rule 15(a), "[a] district court may deny leave [to amend] upon finding undue delay, bad faith, prejudice to the opposing party, or futility." *Rogers v. Wilmington Trust Co.*, No. 21-1473, 2022 U.S. App. LEXIS 5653, 2022 WL 621690, at *13 (3d Cir. Mar. 3, 2022) (citing *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006)). "'The function of Rule 15(a) . . . is to enable a party to assert matters that were overlooked or were unknown at the time the party interposed the original complaint.'" *Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019) (quoting 6 C. Wright & A. Miller, Federal Practice and Procedures § 1473 (3d ed. 2019)). It is within the province of the District Court to ultimately decide whether to allow amendment based on Federal Rule of Civil Procedure 15(a)(2). *Cresci v. City of Bayonne*, No. 23-1342, 2024 WL 94099, at *2 (3d Cir. Jan. 9, 2024). Despite the liberal standard, the Court will not grant leave to amend in this case, in light of the at-will nature of his employment offer and the holding in *Wakeley*, which renders any attempt at amendment futile.

## IV.     Conclusion

For the reasons stated above, Defendant's Motion to Dismiss (ECF No. 5) will be GRANTED with prejudice.

An appropriate Order will be entered.

Dated: March 5, 2026

*[Signature]*
Stephanie L. Haines
United States District Judge

cc/ecf: All counsel of record